132 F.3d 36
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Libbie PESEK, Plaintiff-Appellant,
v.
Diane WITSCHEBER, et al., Defendants-Appellees.
 No. 97-1003.
 United States Court of Appeals, Seventh Circuit.
 Dec. 16, 1997.*
Rehearing and Suggestion for Rehearing En Banc Denied Feb. 2, 1998.
 
 Appeal from the United States District Court for the Western District of Wisconsin, No. 96-C-453-S; John C. Shabaz, Chief Judge.
 Before POSNER, Chief Judge., BAUER and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Spurned repeatedly by Wisconsin state administrative agencies and courts in her attempts to obtain payment of her delinquent fuel bill under the State's crisis energy assistance program, Libbie Pesek eventually turned to the federal courts She sued a number of defendants whom she accused of mismanaging the program, delaying her payments and violating a host of constitutional rights in not speedily resolving her problems under emergency circumstances.[1] The district court dismissed her complaint for lack of subject matter jurisdiction under the Rooker-Feldman doctrine. We affirm on other grounds.
 
 
 2
 The Wisconsin Crisis Assistance Program is part of the State's Low Income Home Energy Assistance Program, which was created pursuant to the Low Income Home Energy Assistance Act of 1981 42 U.S.C. §§ 8621-8629 The Act is a federal program dedicated to providing heating and cooling assistance to households receiving government assistance in the form, among other things, of food stamps or aid to families with dependent children or to households with income near the state poverty level See 42 U.S.C. § 8624(b)(2) The Act, which uses federal-state block grants to help eligible households meet the costs of home energy, requires a set of state administrative remedies for aggrieved tenants. See 42 U.S.C. § 8624(b)(13) The Wisconsin Statutes describe how tenants can contest the denial of their claims. See Wis. Stats § 22742; see also § 16.385(8) (detailing Wisconsin's crisis assistance program).
 
 
 3
 This case arises out of events dating back to April 1996. Pesek, a 57-year old woman who lives in a trailer in the woods of northern Wisconsin, found herself running low on her supply of fuel which she needs to heat the trailer. An unseasonably chilly spring coupled with her rheumatoid arthritis prompted her to seek crisis assistance, for which she had been deemed eligible the previous year. Pesek requested a meeting with defendant Diane Witscheber, an economic support specialist from the Lincoln County Department of Social Services, the agency entrusted with locally managing the Crisis Assistance Program Witscheber met with Pesek, denied Pesek's request for payment of her delinquent fuel bill, and then recommended that Pesek participate in budget counseling. Pesek appealed the payment denial to the Division of Hearings and Appeals of the Wisconsin Department of Administration.
 
 
 4
 On May 9, 1996, a state administrative law judge conducted a hearing on Pesek's appeal. Nearly three months later, the ALJ issued a written decision approving of the agency's denial of her application. The ALJ reviewed the amount of Supplemental Security Income benefits that Pesek had received during the past year, as well as benefits to which she was entitled under the Low Income Energy Assistance Program, and he then observed
 
 
 5
 The mere allegation that she owes money to a fuel dealer, or to a private party who has paid for fuel on her behalf, absent a showing that she cannot obtain fuel on her own, does not render the solution offered to the petitioner by the county agency an abuse of discretion given the facts and circumstances of this case
 
 
 6
 While this administrative appeal was pending, Pesek filed two actions against Witscheber for injunctive relief in the Lincoln County Circuit Court, each involving crisis energy assistance-related claims. In both actions, the principal relief that Pesek sought was essentially the same--an order requiring the Lincoln County Department of Social Services to pay her delinquent fuel bills so that her dwindling fuel supply could be replenished. In the first of the two cases, the circuit court dismissed the action without prejudice because Pesek's administrative appeal was pending, and thus she had not exhausted her administrative remedies In the second case, the court dismissed the action on the merits because "no emergency exist[ed]," and added that Pesek had not exhausted her administrative remedies.
 
 
 7
 One day after the dismissal of the second action, Pesek filed a complaint in the district court. She renewed her claim that she had been deprived of payment for the fuel payments under the Wisconsin crisis energy assistance program, and she referenced her May 9 hearing before the administrative law judge. Without elaboration, she also alleged that her civil rights had been violated by officials responsible for administering the program. Finally, she requested thirteen forms of reliefs, ranging from a declaration that the practices of the Lincoln County Department of Social Services violated federal statutes to an injunction eliminating all federal funding for Wisconsin's energy assistance program. The state defendants filed a motion to dismiss, asserting that all of Pesek's claims were barred under the doctrines articulated in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983): the doctrine of res judicata; or the doctrine of collateral estoppel
 
 
 8
 The district court concluded that it lacked subject matter jurisdiction under the Rooker-Feldman doctrine and dismissed Pesek's complaint The court denied her subsequent motion for reconsideration,[2] and this appeal followed
 
 
 9
 At the outset, we note that a litigant as persistent as Pesek is more likely to encounter the law of preclusion than Rooker-Feldman. A plaintiff like her "who loses and tries again" shows that she wants to ignore rather than overturn the judgment of the state court. See Homola v. McNamara, 59 F.3d 647, 650 (7th Cir.1995). These efforts suggest preclusion. preclusion is the appropriate doctrine when the plaintiff suffers a prior injury at the hands of her opponent By contrast, Rooker-Feldman is commonly implicated when a defendant who has lost in state court sues in federal court, asserting injury not at the hands of the opponent but rather at the hands of the court. Rooker-Feldman recognizes the principle that inferior federal courts lack the power to reexamine state court decisions; that power rests solely with the Supreme Court. Garry v. Geils, 82 F.3d 1362, 1365 (7th Cir.1996).
 
 
 10
 The Rooker-Feldman doctrine is frequently confused with preclusion. The reason for confusion is understandable: both sets of principles govern the deference that one court owes to an earlier judgment. The two, however, are not coextensive. GASH Assocs. v. Village of Rosemont, Il., 995 F.2d 726, 728 (7th Cir.1993); but cf Moccio v. New York State Office of Court Admin., 95 F.3d 195, 199-200 (2d Cir.1996) (Rooker-Feldman "at a minimum" is coextensive with preclusion principles). While preclusion assumes that federal courts will give state court judgments the same effect that the rendering state would, Rooker-Feldman is based on the principle that only the Supreme Court has appellate jurisdiction over the decisions of state courts in civil litigation. GASH Assocs., 995 F.2d at 728.
 
 
 11
 Pesek's federal complaint asserts injury at the hands of her opponents, and not the state court. Indeed, the complaint does not even mention the state court judgments. Her principal objective, as it has been throughout her encounters with the state tribunals, is to compel the defendants to take whatever steps are necessary to ensure her an ample supply of fuel. She targets, consistently, those decision makers whom she regards as responsible for not processing the delinquent fuel bill. Because she traces her injury to the defendants, not the state tribunals, the district court should have found that, jurisdiction existed. and looked to state law to determine whether the defendants would prevail under principles of preclusion.
 
 
 12
 Wisconsin law determines the he preclusive effect, in this federal case, of a Wisconsin judgment. 28 U.S.C. § 1738; Creek v. Village of Westhaven, 80 F.3d 186 (7th Cir.1996). Essentially, Wisconsin's preclusion doctrines align themselves into the fields of claim preclusion (res judicata) and issue preclusion (collateral estoppel) Under claim preclusion, "a final judgment is conclusive in all subsequent actions between the same parties as to all matters which were litigated or which might have been litigated in the former proceedings" Northern States Power Co. v. Bugher, 525 N.W.2d 723, 727 (Wis.1995) (quotation marks and internal citations omitted) Issue preclusion, on the other hand, limits the relitigation of issues that have been already litigated in a previous action. Unlike claim preclusion, issue preclusion does not require identity of parties. Lindas v. Cady, 515 N.W.2d 458, 463 (Wis.1994). The Wisconsin Supreme Court has observed that formalistic applications of issue preclusion have given way to a "looser, equities-based application" of the doctrine, which employs a "fundamental fairness" analysis Id
 
 
 13
 In the present case, Pesek has sued various defendants who were not parties to her state court action (the second one), which was decided on the merits.[3] Pesek named only Witscheber as a defendant in that earlier state action; her federal complaint, however, names, in addition to Witscheber, other employees of the Lincoln County Department of Social Services, a supervisor of the State's Low Income Home Energy Assistance Program, the administrative law judge who conducted the May 9 hearing, and the Lincoln County Board of Supervisors. Because the claims in Pesek's state and federal suits involve different parties, claim preclusion cannot bar the present suit.
 
 
 14
 Issue preclusion, however, does operate to prevent the relitigation of Pesek's request for payment of her delinquent fuel bill. That very issue was aired at the hearing before the AU and ultimately ruled upon, and was also considered on the merits by the Lincoln County Circuit Court. The additional claims that Pesek raises in her complaint are nothing more than broader configurations of her basic contention that has been litigated in state court. Issue preclusion applies, and it prevents Pesek from relitigating her request for fuel payment here
 
 
 15
 The district court's judgment is modified to dismiss the case on grounds of issue preclusion, and affirmed
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary accordingly, the appeal is submitted on the briefs and the record. See Fed. R. App P. 34(a), Cir. R 34(f) As requested by Pesek, we also consider the corrections she has made to her opening and reply briefs
 
 
 [1]
 Pesek named as defendants Diane Witscheber, Margaret Robi and Curtis Moe, all of whom are employed by the Lincoln County (Wisconsin) Department of Social Services; Steve Tyron, Supervisor of the Low Income Home Energy Assistance program in the Wisconsin Department of Health and Social Services; William Schorr, administrative law judge in the foregoing department; and the Lincoln County Board of Supervisors
 
 
 [2]
 Defendants contend that Pesek's motion for reconsideration, self-styled as a motion to "amend order" under Federal Rule of Civil Procedure 59(e), must be construed as being filed under Federal Rule of Civil Procedure 60(b) because it was filed more than the ten days after the court's entry ofjudgment. However, under Federal Rule of Civil Procedure 6(a), Saturdays and Sundays are excluded from the computation when the prescribed period is less than eleven days. The prescribed period under Rule 59(e) is ten days When the weekend days are excluded from the computation, Pesek's motion was filed within ten days ofthe court's judgment and it is a Rule 59(e) motion, which tolls the time to take an appeal This appeal was timely filed
 
 
 [3]
 Although the state trial judge dismissed Pesek's case "with prejudice," we note that he also found that she had failed to exhaust her administrative remedies--a finding that typically leads to a dismissal without prejudice. The precise wording of this disposition, however, is a matter for Pesek to take up with the state court